IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02494-BNB

CESAR CARDENAS-RODRIGUEZ,

    Applicant,

v.

J. M. WILNER,

    Respondent.

## ORDER OF DISMISSAL

Applicant, Cesar Cardenas-Rodriguez, is in the custody of the United States Bureau of Prisons (BOP) at the Federal Correctional Institution in Florence, Colorado. Mr. Cardenas-Rodriguez filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (1994). He paid the $5.00 filing fee.

On January 10, 2008, Magistrate Judge Boyd N. Boland ordered Mr. Cardenas-Rodriguez to show cause within thirty days why the habeas corpus application should not be denied for failure to exhaust BOP administrative remedies before seeking federal court intervention. On January 22, 2008, Mr. Cardenas-Rodriguez submitted his response to the order to show cause.

The Court must construe liberally the habeas corpus application and the response to the show-cause order because Mr. Cardenas-Rodriguez is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se*

litigant's advocate. See Hall, 935 F.2d at 1110. For the reasons stated below, the application will be denied.

Mr. Cardenas-Rodriguez alleges that he was convicted in Iowa federal court on charges of illegal re-entry into the United States after a prior deportation, and that on July 19, 2004, he was sentenced to forty-seven months of imprisonment. He further alleges that he subsequently was "borrowed," application at 2, on September 1, 2004, by the state of Illinois for sentencing on a parole revocation on an unrelated matter. He asserts that he was returned to federal prison, apparently on October 5, 2005, after spending thirteen months and four days in Illinois state prison. He complains that he did not receive credit against his federal sentence for the forty-four days between July 19, 2004, and September 1, 2004, or for the thirteen months and four days between September 1, 2004, and October 5, 2005. Mr. Cardenas-Rodriguez claims that he is entitled to credit against his federal sentence for this time.

He contends that the BOP incorrectly has calculated his release date as May 16, 2008, and that he correctly has calculated his release date as April 2, 2008. He alleges that he has not exhausted BOP administrative remedies and that any efforts to exhaust such remedies would be futile because BOP officials disagree that his sentence has been miscalculated and because, if this Court grants him the relief he seeks, i.e., credits his federal sentence for the time to which he believes he is entitled, his release would be immediate.

Mr. Cardenas-Rodriguez's claim challenging the computation of his federal sentence may be raised in this Court in this action. However, this claim is premature because Mr. Cardenas-Rodriguez alleges that he has not exhausted administrative

2

remedies for the claim. Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986); *see also Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement may be waived if exhaustion would be futile. *See Fraley v. U. S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (per curiam). However, Mr. Cardenas-Rodriguez's arguments that exhaustion would be futile because BOP officials disagree with his calculation of his sentence and because his success on the merits of his claim would result in his immediate release do not demonstrate that exhaustion would be futile. Mr. Cardenas-Rodriguez has not shown affirmatively that exhausting BOP remedies would be useless. *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981). He merely speculates that exhaustion would be futile because he believes he has calculated his sentence correctly and because he believes he lacks sufficient time to complete the exhaustion process. Mr. Cardenas-Rodriguez's speculation does not excuse the exhaustion requirement. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action dismissed without prejudice for failure to exhaust BOP administrative remedies.

DATED at Denver, Colorado, this 7 day of February, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02494-BNB

Cesar Cardenas-Rodriguez
Reg. No. 09190-029
FCI – Florence
PO Box 6000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on  2/7/08

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk